UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| UNITED SYSTEMS ACCESS TELECOM, INC., | ) ) ) | |
|---|---|---|
| Debtor/Movant | ) ) ) | |
| v. | ) ) | No. 2:11-mc-123-DBH |
| NORTHERN NEW ENGLAND TELEPHONE OPERATIONS, LLC, et al., | ) ) ) ) ) | |
| Respondents | ) | |

**DECISION AND ORDER ON MOTIONS TO WITHDRAW REFERENCE**

In these consolidated matters, the motions to withdraw reference of (1) the adversary proceeding and (2) matters that have not yet been decided by the Bankruptcy Court on the Motion to Enforce Compliance with Utilities Order are **Granted**.

The plaintiff/debtor in the bankruptcy proceedings, United Systems Access Telecom, Inc., and the defendants who are collectively called FairPoint by the lawyers, have a dispute about amounts due between them. The debtor is a Competitive Local Exchange Carrier, doing business under the name USA Telephone. It leases network assets from FairPoint, an Incumbent Local Exchange Carrier, also a Regional Bell Operating Company.

In their dispute, the parties disagree over what written agreements are effective between them,[1] and what they provide. Their disputes include, but are not limited to, whether Performance Assurance Plan (PAP) penalties can be used to offset amounts that the plaintiff/debtor otherwise owes the defendants.[2] The plaintiff maintains that their dispute requires consideration of both Title 11 and "other laws of the United States regulating organizations or activities affecting interstate commerce." If that is so, 28 U.S.C. § 157(d) mandates withdrawal of the reference to the Bankruptcy Court. The federal law in question, the plaintiff says, is the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56 (codified as amended in scattered sections of Title 47 of the United States Code). Alternatively, the plaintiff relies upon the recent Supreme Court decision of <u>Stern v. Marshall</u>, 131 S. Ct. 2594 (2011), arguing that if I conclude that state law rather than federal law governs these disputes, then the Constitution demands that the disputes be tried in this Article III court. The defendants disagree, arguing that no interpretation of federal telecommunication law is required to resolve the disputes, and that under <u>Stern</u>, the public rights exception allows the state law issues to be adjudicated in the Bankruptcy Court.

---

[1] There are at least two agreements in dispute: the Interconnection Agreement and the Wholesale Advantage Services Agreement.
[2] The Bankruptcy Judge explicitly did not decide this issue in ruling on the Motion to Enforce Compliance.

I conclude that the plaintiff/debtor is correct.³ Telecommunication is subject to extensive Federal Communications Commission (FCC) regulation under federal statute. FairPoint's predecessor, Verizon New England, Inc. and related entities, applied to the FCC for authority to provide long-distance service in Maine pursuant to 47 U.S.C. § 271. As part of the section 271 approval process, Verizon agreed to be bound by the Maine PAP, and when FairPoint acquired Verizon's business operations in Maine, it agreed to comply with the existing PAP.⁴ It is true that some authority in this area is delegated to state public utilities commissions, and that parties can enter into consensual agreements, but it is all within the context of overall federal regulation, and I agree with the plaintiff/debtor that adjudication of the dispute will require "consideration" of federal telecommunications law. Withdrawal, therefore, is mandatory.

I need not reach the issue whether <u>Stern</u> would alternatively require withdrawal of the reference, and I do not decide the contours of the public rights exception.

The Clerk's Office shall schedule a conference with the Magistrate Judge to orchestrate the preparation of the case for adjudication in this court, including arrangements so that all relevant filings are included on this court's

---

³ The motion is timely, there is no waiver, and forum shopping is irrelevant given the mandatory withdrawal.

⁴ See <u>In re Application by Verizon New England, Inc. et al. for Authorization to Provide In-Region, InterLATA Services in Maine</u>, 17 F.C.C. Rcd. 11659 (2002); <u>Verizon New England, Inc. et al., Joint Application for Approvals Related to Verizon's Transfer of Property and Customer Relations to Company to be Merged with and into FairPoint Communications, Inc.</u>, Maine Public Utilities Commission Order, Docket No. 2005-155 (Feb. 1, 2008). <u>Cf.</u> <u>Verizon Communications Inc. v. Law Offices of Curtis V. Trinko, LLP</u>, 540 U.S. 398, 413 (2004).

ECF docket, and discussion of what if anything remains open on the Motion to Enforce Compliance.

**SO ORDERED.**

**DATED THIS 5TH DAY OF AUGUST, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**